UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANUEL LOBO, individually and on behalf of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>SPRINT SAFETY, INC and TOTAL SAFETY U.S., INC.,<br><br>*Defendants*. | §§§§§§§§§§§§§<br><br>No._____ |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Manuel Lobo (referred to as "Plaintiff" or "Lobo") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Sprint Safety, Inc. and Total Safety U.S., Inc. (collectively referred to as "Defendants" or "Sprint Safety"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1.   Lobo's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.   The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Lobo and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Lobo and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Lobo brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Lobo's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8.    Plaintiff Manuel Lobo is an individual who resides in Harris County, Texas and who was employed by Defendants during the last three years.

9.    Defendant Sprint Safety, Inc. is a Delaware corporation that may be served with process by serving its registered agent:

>Sprint Holdings, Inc.
>5300 Memorial Dr. Suite 270
>Houston, Texas 77007

Alternatively, if the registered agent of Sprint Safety, Inc. cannot with reasonable diligence be found at the company's registered office, Sprint Safety, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.    Defendant Total Safety U.S., Inc. is a Delaware corporation that may be served with process by serving its registered agent:

>CT Corporation System
>1999 Bryan Street, Suite 900
>Dallas, Texas 75201-3136

Alternatively, if the registered agent of Total Safety U.S., Inc. cannot with reasonable diligence be found at the company's registered office, Total Safety U.S., Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODe § 17.026.

11.    Whenever it is alleged that Defendants committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees

committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12. Total Safety provides industrial safety services; it does business in the territorial jurisdiction of this Court.

13. According to its website, Sprint Safety was acquired by Total Safety in August of 2019; it does business in the territorial jurisdiction of this Court. *See*, http://pumpcoservices.com.  As Sprint Safety's successor-in-interest, Total Safety is liable for the acts of its predecessor.

14. Defendants employed Lobo as a Safety Technician from approximately January 2016 until June 2018.

15. Throughout Lobo's employment with Defendants, he was paid on an hourly basis.

16. During Lobo's employment with Sprint Safety, he regularly worked in excess of forty hours per week.

17. Sprint Safety knew or reasonably should have known that Lobo worked in excess of forty hours per week.

18. Sprint Safety did not pay Lobo the entirety of his overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

19. Instead, Sprint Safety automatically deducted 30-minute meal breaks from the time Lobo reported working, even though he was not actually able to take a full uninterrupted meal break.

20. Additionally, Sprint Safety also often required Lobo to begin work prior to the beginning of his scheduled shift but refused to pay him for any work prior to start of his scheduled shift.

21. Sprint Safety also frequently required Lobo to stay late but refused to pay him for any work past the end of his scheduled shift. In fact, regardless of the amount of time Lobo worked each day, Sprint Safety required Lobo to mark his hours as his regular shift hours.

22. In other words, Sprint Safety refused to pay Lobo for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., it required Lobo to work "off-the-clock").

23. Sprint Safety knew or reasonably should have known that Lobo was not exempt from the overtime provisions of the FLSA.

24. Lobo's primary duties were nonexempt.

25. Lobo's primary duties did not include office or nonmanual work.

26. Lobo's primary duties were not directly related to the management or general business operations of Defendants or their customers.

27. Lobo's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

28. Lobo did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

29. Lobo did not have the discretion or authority to make any decisions with respect to matters of significance.

30. Instead, Lobo was required to follow the policies, practices and procedures set by Defendants.

31. Lobo did not have any independent authority to deviate from these policies, practices and procedures.

32. During Lobo's employment with Sprint Safety, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

33. During Lobo's employment with Sprint Safety, the company had an annual gross volume of sales made or business done of at least $500,000.

34. Sprint Safety failed to maintain accurate time and pay records for Lobo as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

35. Sprint Safety knew or showed a reckless disregard for whether its pay practices violated the FLSA.

36. Sprint Safety is liable to Lobo for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

37. All employees employed by Sprint Safety that were subject to this pay policy are similarly situated to Lobo because they (1) were subject to the same uniform pay policy or practice; (2) were in traditionally non-exempt positions; (3) regularly worked in excess of forty hours per week; (4) are not paid the entirety of their overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

38. Lobo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

39. During Lobo's employment with Sprint Safety, he was a nonexempt employee.

40. As a nonexempt employee, Sprint Safety was legally obligated to pay Lobo "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

41. Sprint Safety did not pay Lobo the entirety of all of his hours worked, including overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

42. Instead, Sprint Safety automatically deducted 30-minute meal breaks from the time Lobo reported working, even though he was not actually able to take an uninterrupted meal break.

43. Additionally, Sprint Safety also often required Lobo to begin work prior to the beginning of his scheduled shift but refused to pay him for any work prior to start of his scheduled shift.

44. Sprint Safety also frequently required Lobo to stay late but refused to pay him for any work past the end of his scheduled shift.

45. As a result of these failures, Sprint Safety did not pay Lobo for all hours worked and overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

46. If Sprint Safety classified Lobo as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

47. Sprint Safety knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Sprint Safety willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

48. Lobo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

49. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

50. In addition to the pay violations of the FLSA described above, Sprint Safety also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
### Collective Action Allegations

51. Lobo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

52. On information and belief, other employees have been victimized by Sprint Safety's violations of the FLSA identified above.

53. These employees are similarly situated to Lobo because, during the relevant time period, they were subject to the same pay practice or policy, were in traditionally nonexempt positions, and were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

54. Sprint Safety's policy or practice of failing to pay the entirety of their employees' overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances or position of the putative class members.

55. Since, on information and belief, Lobo's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

56. All employees of Sprint Safety, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for all the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

> All non-exempt employees (i.e. hourly workers) employed by Sprint Safety during the last three years whose hours worked were reduced by automatic deductions for meal breaks and/or who were required to work prior to and/or past the end of their shifts without pay.

57. Sprint Safety is liable to Lobo and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

58. Because Sprint Safety knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Lobo and the members of the putative class their unpaid overtime wages for at least the last three years.

59. Sprint Safety is liable to Lobo and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

60. Sprint Safety is liable to Lobo and the members of the putative classes for their reasonable attorneys' fees and costs.

61. Lobo has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Prayer

62. Lobo prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Lobo and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. postjudgment interest at the applicable rate;

   d. incentive awards for any class representative(s); and

   e. all such other and further relief to which Lobo and the putative class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

MARTINEZ FIRM, PLLC

By: /s/ Samantha Martinez *with permission MAM
Samantha Martinez
State Bar No. 24026860
Federal Id. No. 27604
325 Heights Blvd.
Houston, Texas 77007
Telephone: (713) 333-3270
Facsimile: (713) 333-3275

**ATTORNEYS FOR PLAINTIFF MANUEL LOBO**