## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **MANUEL LOBO,** individually and on behalf of all others similarly situated, | |
| Plaintiff, | **CIVIL ACTION NO.: 4:19-CV-03934** |
| **v.** | |
| **SPRINT SAFETY, INC. and TOTAL SAFETY U.S., INC.** | **JUDGE: NANCY ATLAS** |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS

Defendant, Total Safety U.S., Inc. ("Total Safety"), pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, hereby submits this Memorandum of Law in Support of

its Motion to Dismiss.

## <u>TABLE OF CONTENTS</u>

I.     **NATURE AND STAGE OF PROCEEDING** ...................................................1

II.    **ISSUES PRESENTED** .......................................................................................1

III.   **SUMMARY OF ARGUMENT** ...........................................................................1

IV.   **BACKGROUND** ................................................................................................2

V.    **STANDARD OF REVIEW** ................................................................................4

VI.   **DISCUSSION** ....................................................................................................7

A.    **THERE IS NO PRIVATE RIGHT OF ACTION FOR A RECORDKEEPING VIOLATION.** ........................................................................7

B.    **PLAINTIFF CANNOT ASSERT AN INDIVIDUAL OVERTIME CLAIM AGAINST NON-EMPLOYER TOTAL SAFETY.** ........................................9

C.    **PLAINTIFF'S COLLECTIVE ACTION CLAIM MUST BE DISMISSED.** ............11

      1.    Plaintiff's Proposed Class Definition Is Fatally Flawed Because It Includes Total Safety Employees. ..................................................11

      2.    Plaintiff's Proposed Class Definition Fails to Provide "Fair Notice" of the Putative Class. .....................................................................12

VII.  **CONCLUSION** ................................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)................................9, 10, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)....................................9, 11

*Campbell v. City of San Antonio*,
  43 F.3d 973 (5th Cir. 1995) ......................................................................10

*Chaisson v. Pellerin & Sons, Inc.*,
  2019 U.S. Dist. LEXIS 205513 (W.D. La. Nov. 25, 2019)....................................13

*Creech v. Holiday CVS, LLC*,
  2012 U.S. Dist. LEXIS 144838 (M.D. La. Sept. 26, 2012)...................................20

*Elliott v. Foufas*,
  867 F.2d 877 (5th Cir. 1989) ......................................................................9

*Flores v. Act Event Servs., Inc.*,
  55 F. Supp. 3d 928, 941 (N.D. Tex. 2014) .............................................11, 19, 20

*Hamer v. Jones*,
  364 Fed. Appx. 119 (5th Cir. 2010)..............................................................10

*Huchingson v. Rao*,
  2015 U.S. Dist. LEXIS 48674 (W.D. Tex. Apr. 14, 2015).................................11, 18

*Kirkpatrick v. Heritage Park of Katy, LLC*,
  2012 U.S. Dist. LEXIS 194950 (S.D. Tex. Dec. 6, 2012) (Atlas, J.) .........11, 13, 20

*Lopez v. Tri-State Drywall, Inc.*,
  861 F. Supp. 2d 533 (E.D. Pa. 2012) .......................................................13, 14

*Parker v. Prairie View A&M Univ.*,
  145 F. Supp. 3d 702, 704 .....................................................................12, 14

*Piazza v. Associated Wholesale Grocers Inc.*,
  2019 U.S. Dist. LEXIS 71232 (E.D. La. April 25, 2019).....................................13

*Roque v. Jazz Casino Co. LLC*,
  388 Fed. Appx. 402 (5th Cir. 2010)..............................................................10

*Spivey v. Robertson*,
   197 F.3d 772 (5th Cir. 1999) ......................................................9

*St. Croix v. Genentech, Inc.*,
   2012 U.S. Dist. LEXIS 86742 (M.D. Fla. June 22, 2012) .................18, 19

*Tillman v. La. Children's Med. Ctr.*,
   2017 U.S. Dist. LEXIS 59565 (E.D. La. Apr. 19, 2017) ................. *passim*

*Valdez v. Celerity Logistics, Inc.*,
   999 F. Supp. 2d 936 (N.D. Tex. 2014) .....................................15, 16

*Williams v. Roto-Rooter Servs. Co.*,
   2019 U.S. Dist. LEXIS 168918 (N.D. Ala. March 8, 2019) .................13

## Statutes

29 U.S.C. § 211(c) ......................................................6, 8, 12, 13

29 U.S.C. § 216(b) .............................................................13

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ..............................6

FLSA ..................................................................... *passim*

## Other Authorities

29 C.F.R. pt. 516 ...........................................................8, 12

29 C.F.R. §516.2(a)(6-7) .......................................................13

## I.      NATURE AND STAGE OF PROCEEDING

Plaintiff, Manuel Lobo ("Plaintiff"), brings this lawsuit against Defendant, Sprint Safety, Inc. ("Sprint Safety"), his former employer, and Total Safety claiming he is owed overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

## II.     ISSUES PRESENTED

The issues to be ruled upon in Total Safety's Motion to dismiss are: (1) whether Plaintiff can proceed with recordkeeping claim; (2) whether Plaintiff has properly pled his overtime claim against Total Safety; and (3) in the event Total Safety is not dismissed in its entirety, whether Plaintiff has stated a collective action claim upon which relief may be granted against Total Safety.

## III.    SUMMARY OF ARGUMENT

First, Plaintiff has failed to state a claim upon which relief can be granted with respect to his recordkeeping claim (Count Two of the Complaint). Because there is no private right of action for a recordkeeping violation under the FLSA, specifically 29 U.S.C. § 211(c), this claim should be dismissed.

Second, Plaintiff has failed to state a claim upon which relief can be granted against Total Safety with respect to his overtime claim (Count One of the Complaint). Plaintiff has not worked for Total Safety in the last two years (or even three years if Plaintiff is able to prove willfulness, which is denied), so Total Safety was not his employer during the statute of limitations for claims under the FLSA. To the extent Plaintiff claims Total Safety was the "successor-in-interest" to Sprint Safety, such that "Total Safety is liable for the acts of

its predecessor," Plaintiff has failed to allege sufficient facts to support a claim for successor liability. Thus, Total Safety should be dismissed.

Finally, in the event Total Safety is not dismissed in its entirety, Plaintiff cannot proceed with his collective action overtime claim (Count Three of the Complaint) against Total Safety because: (1) the class is defined to include Total Safety employees who have not worked for Sprint Safety in the last two years (or three years if Plaintiff is able to prove willfulness, which is denied), and (2) Plaintiff has failed to give Total Safety "fair notice" of who is in the putative class in light of the vague allegations and broadly-defined proposed class. As a result, Plaintiff's collective action claim against Total Safety should be dismissed.

## IV.    BACKGROUND

On October 10, 2019, Plaintiff filed his Complaint alleging Sprint Safety and Total Safety failed to pay him and other allegedly "similarly situated employees" in accordance with the FLSA's overtime provisions. Rec. Doc. 1. The Complaint alleges Plaintiff worked for Sprint Safety as a Safety Technician from January 2016 until June 2018, was paid on an hourly basis, and regularly worked over 40 hours in a workweek. Rec. Doc. 1, ¶¶ 14-16. The Complaint further alleges Sprint Safety failed to pay Plaintiff the entirety of his overtime pay. Rec. Doc. 1, ¶ 18. More specifically, Plaintiff claims Sprint Safety: (1) automatically deducted 30-minute meal breaks from the time Plaintiff reported working though he was not able to take "a full uninterrupted meal break"; (2) required Plaintiff to begin work prior to the beginning of his scheduled shift and refused to pay him for this

time; and (3) required Plaintiff to stay late but refused to pay him for this time. Rec. Doc. 1, ¶¶ 19-21.

Plaintiff alleges Sprint Safety and Total Safety failed to maintain accurate time and pay records for Plaintiff and other allegedly "similarly situated employees" as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516. Rec. Doc. 1, ¶¶ 4, 34. Plaintiff does not stop with this factual allegation, but instead goes a step farther and asserts a claim for "Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)" as Count Two of his Complaint. Rec. Doc. 1, ¶¶ 49-50.

Plaintiff also alleges Sprint Safety was acquired by Total Safety in August 2019. Rec. Doc. 1, ¶ 13. He claims this renders Total Safety as Sprint Safety's "successor-in-interest" and "liable for the acts of its predecessor." Rec. Doc. 1, ¶ 13.

Finally, Plaintiff seeks to represent other employees of Sprint Safety and Total Safety who are alleged to be similarly situated. Rec. Doc. 1, ¶ 5. He claims these unidentified employees are similarly situated because "they were subject to the same pay practice or policy, were in traditionally nonexempt positions, and were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek." Rec. Doc. 1, ¶ 53. Plaintiff alleges this "policy or practice of failing to pay the entirety of their employees' overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances or position of the putative class members." Rec. Doc. 1, ¶ 54. He, thus, defines the class as:

> All non-exempt employees (i.e. hourly workers) employed by Sprint Safety during the last three years whose hours worked were reduced by automatic deductions for meal breaks and/or who were required to work prior to and/or past the end of their shifts without pay.

Rec. Doc. 1, ¶ 56.

## V.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides a defense when a party has failed to state a claim upon which relief can be granted. Courts will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Although courts are required, for the purpose of the analysis under Rule 12(b)(6), to treat as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or bald recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *Spivey*, 197 F.3d at 774. Moreover, in order to avoid dismissal for failure to state a claim, a plaintiff **must plead specific <u>facts</u>, not mere conclusory allegations**. *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).

Rule 8 requires that pleadings include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(1). The United States Supreme Court has explained that the pleading standard of Rule 8 does not require "detailed factual allegations," but the allegations must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955). A pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action'" is insufficient. *Iqbal*, 556 U.S. at 677, 120 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted). Similarly, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677, 120 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966.

To survive a Rule 12(b)(6) motion to dismiss, a pleading "must contain **sufficient factual** matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677, 129 S. Ct. at 1949 (emphasis added), citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "The factual allegations must 'raise a right to relief above the speculative level. . . .'" *Hamer v. Jones*, 364 Fed. Appx. 119, 122 (5th Cir. 2010), citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677, 129 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. Thus, "the statement must present more than 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Roque v. Jazz Casino Co. LLC*, 388 Fed. Appx. 402, 405 (5th Cir. 2010), citing *Iqbal*, 556 U.S. at 677, 129 S. Ct. at 1949. *Iqbal* makes clear that "the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949-50.

*Iqbal* also instructs that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679, 129 S. Ct. at 1950. But, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.,* citing Fed. R. Civ. Proc. 8(a)(2). While "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it **does <u>not</u>** unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (emphasis added).

This Court and federal courts throughout the country have applied the *Twombly* and *Iqbal* pleading standards to collective action claims brought pursuant to the FLSA. *See, e.g., Kirkpatrick v. Heritage Park of Katy, LLC*, 2012 U.S. Dist. LEXIS 194950, *3 (S.D. Tex. Dec. 6, 2012) (Atlas, J.) (dismissing collective action FLSA claims for failing to meet pleading standard); *Huchingson v. Rao*, 2015 U.S. Dist. LEXIS 48674, *7-8 (W.D. Tex. Apr. 14, 2015) ("[T]he Court agrees with the majority of courts that collective action allegations are subject to dismissal under [Rule] 12(b)(6) unless they give Defendants fair notice of the putative class."); *Tillman v. La. Children's Med. Ctr.*, 2017 U.S. Dist. LEXIS 59565, *6 (E.D. La. Apr. 19, 2017) (dismissing collective action FLSA claims); *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 941 (N.D. Tex. 2014) (dismissing the FLSA

claims of all named-plaintiffs and the putative class, except one plaintiff who provided additional factual allegations).

## VI. DISCUSSION

### A. THERE IS NO PRIVATE RIGHT OF ACTION FOR A RECORDKEEPING VIOLATION.

Plaintiff asserts a claim for failure to maintain accurate records in violation of the FLSA, specifically 29 U.S.C. § 211(c). Rec. Doc. 1, ¶ 4 ("Defendants[1] violated the FLSA by failing to maintain accurate time and pay records for Lobo and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516."). Admittedly, the FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employee, as Plaintiff alleges. *See* Rec. Doc. 1, ¶ 49.

However, Plaintiff admits he was no longer working for Sprint Safety as of June 2018, which obviously predated the acquisition of Sprint Safety by Total Safety in August 2019. Rec. Doc. 1, ¶ 13. Total Safety, thus, had no obligation to keep any records pertaining to Plaintiff under the FLSA in the last three years.

Even if Total Safety did have some such obligation and it failed to keep accurate records, which it denies is the case, the FLSA's recordkeeping provisions do not afford Plaintiff a private right of action. *Parker v. Prairie View A&M Univ.*, 145 F. Supp. 3d 702,

---

[1] The reference to Defendants in this instance also begs the question of whether Plaintiff even attempts to assert a recordkeeping violation claim against both Sprint Safety and Total Safety. Later, in Count Two, Plaintiff references only Sprint Safety as allegedly failing to keep proper time and pay records as required by the FLSA. However, Plaintiff defines Sprint Safety and Total Safety collectively as either "Defendants" or "Sprint Safety," which is confusing and renders his Complaint vague (as will be discussed further as it pertains to the proposed class definition).

704 n.3 (S.D. Tex. 2015) (Atlas, J.) ("There is no individual cause of action for violations of the recordkeeping provisions of the FLSA."), citing *McCloud v. McClinton Energy Grp.*, 2015 U.S. Dist. LEXIS 94316, 2015 WL 4460338, *2 (W.D. Tex. July 20, 2015) (citing *Castillo v. Givens*, 704 F.2d 181, 198 n.41 (5th Cir. 1983)); *see also Chaisson v. Pellerin & Sons, Inc.*, 2019 U.S. Dist. LEXIS 205513, *2 fn. 1 (W.D. La. Nov. 25, 2019) (agreeing "there is no private right of action under 29 U.S.C. §211(c) or 29 C.F.R. §516.2(a)(6-7)"); *Piazza v. Associated Wholesale Grocers Inc.*, 2019 U.S. Dist. LEXIS 71232, *6 (E.D. La. April 25, 2019) ("…such an allegation appears to make a record-keeping claim for which the FLSA does not provide a private right of action."); *Williams v. Roto-Rooter Servs. Co.*, 2019 U.S. Dist. LEXIS 168918, *7-8 (N.D. Ala. March 8, 2019) ("The FLSA does not, however, create a private right of action allowing an employee to enforce the employer's record-keeping obligation…") (citations omitted). Instead, the right to bring an action based on a recordkeeping violation is vested **exclusively** in the Secretary of Labor. *Williams*, 2019 U.S. Dist. LEXIS 168918 at *8 (citations omitted). "Moreover, such a private right of action is inconsistent with 29 U.S.C. § 216(b), which limits private rights of action to specifically enumerated provisions of the FLSA." *Lopez v. Tri-State Drywall, Inc.*, 861 F. Supp. 2d 533, 537 (E.D. Pa. 2012).

"[R]egardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under **a valid legal theory**." *Kirkpatrick v. Heritage Park of Katy, LLC*, 2012 U.S. Dist. LEXIS 194950, *2 (S.D. Tex. Dec. 6, 2012) (Atlas, J.) (citations omitted; emphasis added). Here, there is no private right of action for a recordkeeping violation, so there is no "valid legal theory." Thus, Plaintiff's

recordkeeping claim should be dismissed with prejudice. *Parker*, 145 F. Supp. 3d at 704 n.3 (dismissing the plaintiff's recordkeeping claim) (citation omitted); *Lopez*, 861 F. Supp. 2d at 537 (same).

### B.   PLAINTIFF CANNOT ASSERT AN INDIVIDUAL OVERTIME CLAIM AGAINST NON-EMPLOYER TOTAL SAFETY.

Plaintiff has failed to state an overtime claim upon which relief can be granted against Total Safety. "In order to establish a claim for […] failure to compensate under the FLSA, there must first be an employer-employee relationship." *Tillman*, 2017 U.S. Dist. LEXIS 59565, at *3 (citation omitted). To prove a party was an employer under the FLSA, the plaintiff must allege **facts** showing the defendant had the requisite control over aspects of his employment. *Id*. "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. at *3-4 (citations omitted; internal quotations omitted).

Here, Plaintiff admits he was no longer working for Sprint Safety as of June 2018, which obviously predated the acquisition of Sprint Safety by Total Safety in August 2019. Rec. Doc. 1, ¶ 13. Thus, Plaintiff has not worked for Total Safety in the last three years (if Plaintiff is able to prove willfulness, which is denied). Because Total Safety was not his employer at any point during the statute of limitations, Plaintiff cannot pursue a claim for overtime against Total Safety as his employer or joint employer. *See, e.g., Tillman*, 2017 U.S. Dist. LEXIS 59565, at *4 (finding the plaintiff failed to allege sufficient facts that

established a defendant was an employer for purposes of the FLSA, such that she could not succeed on her FLSA claim against it, where the plaintiff merely alleged the entity managed and operated the hospital where she worked, but did not allege it had any actual control over or that it could hire, fire, or supervise her).

To the extent Plaintiff claims Total Safety was the "successor-in-interest" to Sprint Safety and "liable for the acts of its predecessor" (Rec. Doc. 1, ¶ 13), Plaintiff has failed to allege sufficient facts to support this claim. In fact, Plaintiff does not assert **any facts** to support his allegation of successor liability and, instead, relies on these sparse legal conclusions. But, simply alleging the existence of successor liability is not enough to survive a 12(b)(6) motion to dismiss. *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 944-46 (N.D. Tex. 2014) (dismissing the plaintiff's conclusory successor liability claim at the motion to dismiss stage). In order to state a plausible claim for successor liability under the FLSA, the plaintiff must plead specific facts that enable the court to analyze the following elements:

> (1) whether there is substantial continuity between the business operations of the successor and the predecessor; (2) whether the successor had notice of potential liability when it acquired the relevant assets; (3) whether the predecessor is able to provide relief directly; and (4) whether the overall equities support the imposition of successor liability.

*Id*. at 944.

In *Valdez v. Celerity Logistics, Inc.*, the court found the plaintiff failed to state a plausible claim for successor liability because her allegations were limited to the continuity of business operation element. *Id*. at 945. In dismissing the claim, the court stated: "The alleged continuity of the business operations is not strong enough to overcome the lack of

factual content concerning notice . . . the amended complaint fails to address whether the predecessor is able to provide adequate relief directly or whether the overall equities support the imposition of successor liability." *Id*. at 946.

In this case, Plaintiff alleges significantly **less** than the plaintiff in *Valdez*. Plaintiff's entire successor liability claim is limited to two conclusory statements. In particular, Plaintiff claims that Total Safety Sprint Safety's "successor-in-interest" and "liable for the acts of its predecessor." Rec. Doc. 1, ¶ 13. These conclusory allegations are, simply put, insufficient as a matter of law. Like the successor liability claim in *Valdez*, Plaintiff's claims against Total Safety based on successor liability should be dismissed.

### C.   PLAINTIFF'S   COLLECTIVE   ACTION   CLAIM   MUST   BE DISMISSED.

1.   Plaintiff's Proposed Class Definition Is Fatally Flawed Because It Includes Total Safety Employees.

Perhaps even more troubling, though, is that Plaintiff seeks to use his conclusory successor liability allegations as a way of representing Total Safety employees. In the Complaint, "Sprint Safety" is defined as Sprint Safety **and** Total Safety. Rec. Doc. 1, p. 1. And, Plaintiff defines the class as:

> All non-exempt employees (i.e. hourly workers) employed by **Sprint Safety** during the last three years whose hours worked were reduced by automatic deductions for meal breaks and/or who were required to work prior to and/or past the end of their shifts without pay.

Rec. Doc. 1, ¶ 56 (emphasis added). This means Total Safety employees are included in the class definition because of the way "Sprint Safety" is defined.

Yet, Plaintiff clearly has no knowledge of the pay policies or practices of Total Safety currently or at any point during the last three years. Indeed, Plaintiff does not include **a single factual allegation** about how Total Safety compensates its employees alleged to be similarly situated or even accusing Total Safety of engaging in the same alleged practices for which he faults Sprint Safety. This is not surprising since he has not worked for Total Safety in the last three years, and the acquisition of Sprint Safety by Total Safety in August 2019 occurred **more than a year after** his employment with Sprint Safety ended in June 2018. Rec. Doc. 1, ¶ 13. He does not include any factual allegations about Total Safety's policies or practices because he simply does not know them. Nevertheless, Plaintiff seeks to represent employees of Total Safety as part of his collective action overtime claim, and he should be prohibited from doing so because his Complaint fails to meet the minimum pleading standard set forth in Rule 8.

      2.     Plaintiff's Proposed Class Definition Fails to Provide "Fair Notice" of the Putative Class.

To make matters worse, Plaintiff's Complaint offers only vague references to "similarly situated employees" without factual support and, thus, fails to provide "fair notice" to Total Safety regarding the scope of the putative class. The proposed class definition references a class of employees employed by Sprint Safety "whose hours worked were reduced by automatic deductions for meal breaks and/or who were required to work prior to and/or past the end of their shifts without pay" regardless of their position. Rec. Doc. 1, ¶¶ 54, 56. However, this type of broad and unspecified putative class definition is

precisely the type courts have found cannot survive a motion to dismiss under the relevant pleading standard.

It is clear from the conclusory statements and proposed class definition in the Complaint that Plaintiff is seeking to certify a broad class that is unrestrained by position or even job duties and without regard to personal circumstances that may impact the viability of an overtime claim. *See* Rec. Doc. 1, ¶ 54 (alleging application of the policy or practice "does not depend on the personal circumstances or position of the putative class members."). But, Plaintiff's allegation that personal circumstances and positions are irrelevant to the collective claim is unfounded and stands in stark contrast to the authority which requires a plaintiff to allege sufficient factual basis for the contention that he is "similarly situated" to the putative class members. *See, e.g., Tillman*, 2017 U.S. Dist. LEXIS 59565, at *6 (dismissing collective claims where the "[c]omplaint does not specifically identify any potential class members, describe the positions they held or work they performed, or identify how they are similarly situated to Plaintiff"); *St. Croix v. Genentech, Inc.*, 2012 U.S. Dist. LEXIS 86742, *7 (M.D. Fla. June 22, 2012) (dismissing collective claims where "the Complaint provides no description of the job duties (or even the job titles) of the alleged similarly situated employees"). District courts within the Fifth Circuit have repeatedly made clear "the plaintiff must show that the employees have substantially similar job requirements and are subject to the same common compensation scheme." *Huchingson*, 2015 U.S. Dist. LEXIS 48674, at *4-5 (citation omitted).

By its plain language, the allegations in the Complaint make clear Plaintiff seeks to represent an unidentified class of employees. District courts within the Fifth Circuit have

cautioned against a broad class definition, such as the one here, that only "provide[d] the defendants with notice that any employee … regardless of job description, is a potential collective action plaintiff." *Flores*, 55 F. Supp. 3d at 940 (dismissing the collective action claims because the "broadly defined class" failed to provide the defendants with fair notice); *Tillman*, 2017 U.S. Dist. LEXIS 59565, at *6 (dismissing collective claims where the "broadly defined class" of "any person" whose hourly rate was reduced by the 30-minute meal break policy "fails to give Defendants fair notice"); *St. Croix*, 2012 U.S. Dist. LEXIS 86742, at *7 (dismissing collective claims where the complaint did not even provide the "job titles" of putative class members). In this case, as in the other cases cited herein, Plaintiff's Complaint fails to provide adequate notice of the putative class members. Total Safety should not be required to piece together the vague allegations of Plaintiff's Complaint in order to speculate which individuals – or even which positions – are included in the putative class. This case begs the same questions as those noted by the court in *Dyer* wherein it "could not discern which employees the Plaintiff seeks to include": All of the Defendants' employees? All of the Defendants' employees that share the same or similar job duties? If the latter, similar to what?" *Dyer*, 2013 U.S. Dist. LEXIS 21906, at *11. Like in *Dyer*, Plaintiff's collective action claim should be dismissed for this failure to provide fair notice of the proposed class.

And, Plaintiff has failed to provide any factual description of his own job duties – much less of the putative class members' job duties. Plaintiff alleges he worked as a "Safety Technician," but offers no other factual allegations whatsoever concerning his job duties. Rec. Doc. 1, ¶ 14. Providing a job title is not the same as a job description. *St. Croix*, 2012

U.S. Dist. LEXIS 86742, at *6. Yet, here, he regurgitates a litany of what his job duties **did not** entail in his effort to show his position was non-exempt (which is not in dispute), but simply offers no facts about what he actually did. Rec. Doc. 1, ¶¶ 24-31. Plaintiff's reference to his job title alone is insufficient to avoid dismissal of his collective action claim on behalf of unspecified other employees.

In fact, reference to "job titles" (which Plaintiff does not even include here) is insufficient to give fair notice of the putative class if there are not corresponding factual allegations regarding the putative class members' job duties. *Kirkpatrick*, 2012 U.S. Dist. LEXIS 194950, at *3 (dismissing FLSA claims where the plaintiff "gives no description of her job other than its title"). Instead, courts have routinely dismissed collective actions where, as in this case, a plaintiff failed to affirmatively describe the job duties of individuals alleged to be "similarly situated." *See, e.g., Flores*, 55 F. Supp. 3d at 940 (dismissing collective action claim where the putative class consisted of "any employee from the past three years, regardless of job description …"). So, even if Plaintiff had included facts pertaining to his job duties, which he did not do, this would not cure the factual deficiencies regarding the collective action allegations by merely referencing his own job duties. *Creech v. Holiday CVS, LLC*, 2012 U.S. Dist. LEXIS 144838, *2 (M.D. La. Sept. 26, 2012) (granting the employer's motion to dismiss the collective claims where the plaintiff alleged the proposed class members were similarly situated because they performed the same or similar job duties, as the allegations regarding the plaintiff's individual job duties could not be used as a substitute for alleging job duties pertinent to the putative class).

For these reasons, Plaintiff's collective action claim fails to state a claim upon which relief can be granted and, thus, should be dismissed. *See, e.g., Tillman*, 2017 U.S. Dist. LEXIS 59565, at *6 (dismissing collective action allegations for failure to give defendants fair notice of the putative class).

## VII.   CONCLUSION

For the reasons thoroughly addressed herein, Plaintiff's recordkeeping claim must be dismissed because there is no private right of action. Plaintiff has not properly pled his overtime claim against Total Safety, so Total Safety should be dismissed in its entirety. And, Plaintiff cannot proceed with his collective action claim involving non-Sprint Safety employees because he has failed to allege sufficient facts to show they are similarly situated to Plaintiff, a Sprint Safety employee.

Dated: February 5, 2020

Respectfully submitted,

*/s/ Jason A. Culotta*

MARY MARGARET SPELL (Fed. ID 24117380)
**Attorney In Charge**
JASON A. CULOTTA (Fed. ID 2859054)
***Jones Walker LLP***
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana  70170-5100
Phone:    504.582.8000
Fax:        504.589.8262
Email:     mspell@joneswalker.com
               jculotta@joneswalker.com

and

TIFFANY RAUSH (TX Bar No. 24099090)
***Jones Walker LLP***
811 Main St, Suite 2900
Houston, Texas 77002
Phone:    713.437.1800
Fax:        713.437.1848
Email:     traush@joneswalker.com

***Counsel for Defendant, Total Safety U.S., Inc.***


## CERTIFICATE OF SERVICE

I hereby certify that, on February 5, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all counsel of record.

*/s/ Jason A. Culotta*
JASON A. CULOTTA