United States District Court
Southern District of Texas
**ENTERED**
March 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL LOBO, Individually and on Behalf of All Others Similarly Situated, Plaintiff, | § § § § | |
| v. | § § | CASE NO. 4:19-CV-3934 |
| SPRINT SAFETY, INC., *et al.*, Defendants. | § § § | |

# **MEMORANDUM AND ORDER**

Before the Court in this Fair Labor Standards Act ("FLSA") overtime case are Defendant Total Safety U.S., Inc.'s ("Total Safety") Motion to Dismiss [Doc. # 18] ("Total Safety's Motion") and Defendant Sprint Safety, Inc.'s ("Sprint Safety") Motion for Partial Dismissal [Doc. # 19] ("Sprint Safety's Motion"). Plaintiff Manuel Lobo ("Plaintiff") has responded,[1] and Total Safety and Sprint Safety (collectively, "Defendants") replied.[2] The motions are ripe for decision. Based on the parties' briefing, pertinent matters of record, and relevant legal authority, the Court **grants in part** Total Safety's Motion to Dismiss and **grants** Sprint Safety's

---

[1] Plaintiff's Response in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss [Doc. # 28] ("Plaintiff's Response").

[2] Reply Memorandum in Support of Total Safety's Motion to Dismiss [Doc. # 29] ("Total Safety's Reply"); Reply Memorandum in Support of Sprint Safety's Motion for Partial Dismissal [Doc. # 30] ("Sprint Safety's Reply").

Motion for Partial Dismissal. A deadline for Plaintiff to file an amended complaint will be established at the initial pretrial conference.

## I. BACKGROUND

Plaintiff was employed by Sprint Safety as a Safety Technician from approximately January 2016 until June 2018.[3] Plaintiff alleges that he was a non-exempt employee while employed by Sprint Safety.[4] Plaintiff alleges that while employed by Sprint Safety, his primary duties did not involve office or nonmanual work, he did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties, did not have authority to make decisions with respect to matters of significance, and did not have authority to deviate from Sprint Safety's policies and procedures.[5]

Plaintiff alleges that he regularly worked in excess of forty hours per week while he was employed by Sprint Safety.[6] Plaintiff alleges that Sprint Safety deducted 30-minute meal breaks from the time he worked, even though he was not

---

[3] Plaintiff's Original Complaint [Doc. # 1] ("Complaint") ¶ 14.

[4] *Id.* ¶¶ 25-31.

[5] *Id.* Plaintiff does not make any descriptive allegations about what his job duties entailed.

[6] *Id.* ¶ 16.

able to take full uninterrupted meal breaks.[7]  Additionally, Plaintiff alleges that Sprint Safety often required him to begin work prior to the beginning of his scheduled shift and work past the end of his scheduled shift, but refused to pay him for this time.[8]  Plaintiff alleges Sprint Safety required that he mark his hours as his regular shift hours regardless of the amount of time he worked that day.[9]

Sprint Safety was acquired by Total Safety in August 2019.[10]  Plaintiff filed suit against Sprint Safety and Total Safety on October 10, 2019.[11]  Plaintiff asserts the following claims: (1) failure to pay overtime in accordance with the FLSA; (2) failure to maintain accurate records in violation of the FLSA's recordkeeping requirements; and (3) a collective action on behalf of a putative class of all Sprint Safety and Total Safety employees whose hours worked were reduced by automatic deduction for meal breaks and/or were required to work prior to and/or past the end of their shifts without pay.[12]

---

[7]     *Id.* ¶ 19.

[8]     *Id.* ¶¶ 20-21.

[9]     *Id.* ¶ 21.

[10]    *Id.* ¶ 13.

[11]    *See* Complaint.

[12]    *Id.* ¶¶ 38-61.

3

## II.     MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."  *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   DISCUSSION

The Court will discuss Total Safety's Motion to Dismiss and then Sprint Safety's Motion for Partial Dismissal.

### A.   Total Safety's Motion to Dismiss

Total Safety argues (1) Plaintiff's recordkeeping claim should be dismissed because there is no private right of action to enforce the FLSA's recordkeeping requirements; (2) Plaintiff's claims against Total Safety for unpaid overtime should be dismissed because Plaintiff was never employed by Total Safety and has not pled facts sufficient to establish that Total Safety is liable as successor Sprint Safety; and (3) Plaintiff's collective action claim should be dismissed because his class definition is flawed and does not provide fair notice of the putative class.  The Court will consider each of these arguments in turn.

#### 1.   Recordkeeping Violations

Total Safety moves the Court to dismiss Plaintiff's cause of action for violations of the FLSA's recordkeeping provisions.  Plaintiff alleges that Total Safety failed to keep proper time and pay records as required by the FLSA.[13]  The FLSA requires that employers "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of

---

[13]   Complaint ¶¶ 48-50.

time . . . as [the Department of Labor] shall prescribe by regulation." 29 U.S.C. § 211(c). Regulations promulgated by the Department of Labor specify the information these records must contain and how long employers must keep them. *See* 29 C.F.R. § 516 *et seq.*

Total Safety argues that Plaintiff's cause of action for recordkeeping violations must be dismissed because the FLSA's recordkeeping provisions do not create a private right of action. The Court agrees.[14] Plaintiff concedes that there is no private cause of action for FLSA recordkeeping violations, but maintains that he should still be permitted to conduct discovery on Defendants' recordkeeping

---

[14] It is well settled that there is no private cause of action for violations of the FLSA's recordkeeping provisions. *See, e.g.*, *Castillo v. Givens*, 704 F.2d 181, 198 n.41 (5th Cir. 1983) (comparing the FLSA recordkeeping requirement, which "contains no private enforcement mechanism," to the Farm Labor Contractor Registration Act, which creates a statutory penalty for failing to keep records) (quoting Richard S. Fischer, A Defense of the Farm Labor Contractor Registration Act, 59 Tex. L. Rev. 531, 537 n.61 (1981)); *Sanders v. Michaud Construction Grp., LLC*, No. 18-cv-00423, 2018 WL 5915048, at *3 (S.D. Tex. Oct. 12, 2018) ("The FLSA's recordkeeping requirement does not create a private right of action, and only the Department of Labor is empowered to enforce the recordkeeping provisions of the FLSA."); *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14–CV–120, 2015 WL 4460338, at *2 (W.D. Tex. July 20, 2015) ("[T]he FLSA does not create a private cause of action for a violation of the recordkeeping provision; it is well established that enforcement of the recordkeeping provision rests solely with the Department of Labor."); *see also Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) (stating that the section of the FLSA authorizing employees to bring private suits for unpaid overtime wages "does not authorize employee suits for violations of the FLSA's recordkeeping requirements. Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor.").

6

practices because they are relevant to his claims that Defendants acted willfully in failing to pay overtime.[15]

Evidence of recordkeeping violations can be used to support a properly pleaded FLSA claim.[16] However, the fact that other violations of the FLSA may be relevant to Plaintiff's overtime claim does not permit him to enforce provisions of that Act that have been exclusively vested in the Department of Labor. Plaintiff's recordkeeping claim will be dismissed, but discovery will be permitted on Defendants' recordkeeping practices.

### 2. Successor Liability

Total Safety argues that the remainder of Plaintiff's claims against Total Safety should be dismissed because Total Safety never employed Plaintiff and he has not pled sufficient facts to show that Total Safety is liable as successor-in-interest to Sprint Safety.[17]

The FLSA authorizes individuals to bring claims for unpaid overtime wages against their "employer," defined to include "any person acting directly or indirectly

---

[15] Plaintiff's Response at 4-5.

[16] *See Perez v. T.A.S.T.E. Food Prods., Inc.*, No. 5:13–CV–655–DAE, 2014 WL 412327, at *6 (W.D. Tex. Feb. 3, 2014) (noting that dismissal of a recordkeeping claim "does not preclude Plaintiffs from presenting evidence of alleged recordkeeping violations in support of their properly pleaded FLSA claims").

[17] Memorandum in Support of Total Safety's Motion [Doc. # 18-1] at 9-11.

in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Employees may also bring claims against an employer's successor where the employer has dissolved, merged, been purchased, or has otherwise changed in some way. *See Powe v. May*, 62 F. App'x 557 (5th Cir. 2003) (*per curiam*; summary calendar).

Courts have developed nine factors to consider in determining whether successor liability should be imposed in FLSA cases:

> (1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor[18] to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or

---

[18] *But see Powe v. May*, 62 F. App'x 557 (5th Cir. 2003) (*per curiam*; summary calendar) (denying successor liability). In *Powe*, the panel looked, among other factors, to the *successor's* ability to provide relief but cited *Rojas v. TK Comm's*, 87 F.3d 745, 750 (5th Cir. 1996) (summary calendar), which stated that the relevant inquiry is the *predecessor's* ability to provide relief. Courts applying these factors have noted this inconsistency and concluded that the primary inquiry should be the *predecessor's* ability to provide relief, while the "*successor's* ability to provide relief is also potentially relevant." *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 942 n.6 (N.D. Tex. 2014) (emphasis in original); *see also Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985) (considering predecessor's ability to provide relief); *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1094 (6th Cir. 1974) (same).

When two of a Circuit's panel opinions are in conflict, the earlier ruling governs unless overruled by an *en banc* court or a change in the law by Congress or the United States Supreme Court. *Dialysis Newco, Inc. v. Community Health Systs. Grp. Health Plan*, 938 F.3d 246, 254 n.6 (5th Cir. 2019); *Harvey v. Blake*, 913 F.2d 226, 228 n.2 (5th Cir. 1990). Accordingly, the Court follows the reasoning in *Rojas* and will discuss whether there are allegations pertaining Total Safety's predecessor, Sprint Safety's ability to provide relief.

8

substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product.

*Rojas v. TK Comm's*, 87 F.3d 745, 750 (5th Cir. 1996) (summary calendar) (quoting *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985)).

The two factors, "whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor," and "the ability of the predecessor to provide relief," are "critical" to the successor liability analysis. *Rojas*, 87 F.3d at 750; *Hunt v. Calfrac Well Services Corp.*, No. 5:16–cv–325–OLG, 2016 WL 8849824, at *2 (W.D. Tex. July 29, 2016); *Valdez*, 999 F. Supp. 2d at 945-46; *Cooke v. Jaspers*, No. H–07–3921, 2010 WL 918342, at *6 (S.D. Tex. Mar. 10, 2010). The Court sees no reason that successor liability, if proven, would not apply in this FLSA case.[19]

---

[19] In *Powe*, the Fifth Circuit assumed without explicitly deciding that the successor liability doctrine applies to FLSA claims. "[E]very other federal appellate and district court that has faced this issue has found that successor liability exists under the FLSA." *Cuervo v. Airport Servs., Inc.*, 984 F. Supp. 2d 1333, 1336 (S.D. Fla. 2013). Accordingly, district courts in the Fifth Circuit have presumed that that successor liability applies to FLSA claims. *See Stuntz v. Ashland Elastomers, LLC*, No. 1:14-CV-00173, 2018 WL 5091625, at *4 (E.D. Tex. Sept. 21, 2018); *Valdez*, 999 F. Supp. 2d at 941; *Washington v. Patterson-UTI Energy, Inc.*, No. 5:16-CV-130-RP, 2016 WL 3081060, at *3 (W.D. Tex. May 31, 2016); *Cooke*, 2010 WL 918342, at *6.

Here, Plaintiff makes no factual allegations about Sprint Safety's relationship with Total Safety or the transfer of business operations upon Total Safety's acquisition of Sprint Safety.[20] Indeed, it is undisputed that Plaintiff never worked for Total Safety. Plaintiff cannot bring FLSA claims against that entity until and unless Plaintiff alleges facts, *inter alia,* that there is a substantial continuity of business operations between Sprint Safety and Total Safety; that Total Safety had notice of the claims by Plaintiff (and class members, if a collective action is granted); and that Sprint Safety is unable to provide relief. *See Rojas*, 87 F.3d at 750; *Musikiwamba*, 760 F.2d at 750. To date, Plaintiff has failed to do so. Plaintiff's claims against Total Safety will be dismissed without prejudice to reurging if and when, after limited discovery, Plaintiff alleges facts comporting with Federal Rule of Civil Procedure 11 that make an FLSA claim against Total Safety plausible. *See Iqbal*, 556 U.S. at 678.

### 3. Collective Action

Total Safety argues that Plaintiff's collective action claim should be dismissed because Plaintiff's proposed class fails to provide fair notice of the scope of the class and implicitly includes employees of Total Safety even though Plaintiff himself was never employed by Total Safety.

---

[20] Complaint ¶¶ 13-14. Plaintiff's employment with Sprint Safety ended in June 2018, prior to Total Safety's purchase of Sprint Safety in August 2019.

Plaintiff defines the class he seeks to represent as:

> All non-exempt employees (i.e. hourly workers) employed by Sprint Safety during the last three years whose hours worked were reduced by automatic deductions for meal breaks and/or who were required to work prior to and/or past the end of their shifts without pay.[21]

"Sprint Safety" is defined in Plaintiff's Complaint as "Defendants Sprint Safety, Inc. *and* Total Safety U.S., Inc."[22] Accordingly, it is true that Plaintiff seeks to represent a class that includes employees of a company for which he never worked.

Plaintiff does not directly respond to Total Safety's argument. Instead, Plaintiff argues that the issue is premature because the sufficiency of his collective action claims should be addressed if and when he moves for certification, not at the motion to dismiss stage.[23]

"When considering Rule 12(b)(6) motions in FLSA cases, courts should 'distinguish between individual . . . claims and those brought on behalf of a putative class." *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 933 (N.D. Tex. 2014) (quoting *Creech v. Holiday CVS, LLC*, No. 11–46–BAJ–DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012)). Plaintiff is required to meet the notice pleading requirements of Rule 8, even when pleading FLSA collective actions. *See*

---

[21]     *Id.* ¶ 56.

[22]     *Id.* at 1 (emphasis added).

[23]     Plaintiff's Response at 6-7.

*Hutchinson v. Rao*, No. 5:14–CV–1118, 2015 WL 1655113, at *3 (W.D. Tex. Apr. 14, 2015) ("If courts ignore the sufficiency of the class allegations until plaintiffs move for conditional class certification, class allegations that fail to meet the minimum pleading standards under *Twombly* and *Iqbal* could nevertheless survive."); *Flores*, 55 F. Supp. 3d at 934 (applying the requirements of Rule 8 to FLSA collective actions "allows both the rule and the certification process to play their proper role in the management of collective actions."); *see also Potter v. Cardinal Health 200, LLC*, 381 F. Supp. 3d 729, 737 (E.D. Tex. 2019) ("So long as the plaintiff's complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . there is no basis for requiring more particularity in the collective action context.") (internal citation and quotation marks omitted). While "[t]here is no specific guidance from the Fifth Circuit" as to how collective action claims should be treated at the motion to dismiss stage, two different approaches have developed. *Creech*, 2012 WL 4483384, at *2.

Under the first approach, "plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion. Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class." *Hoffman v. Cemex, Inc.*, No. H–09–3144, 2009 WL 4825224, at *4 (S.D. Tex. Dec. 8, 2009); *Butler v. TFS Oilfield Servs., LLC*, No. SA-16-CV-1150-FB, 2017 WL 7052308, at *4 (W.D.

Tex. May 17, 2017) (detailed factual allegations about the scope of a putative class "are not required to meet Rule 8(a) in the specific context of FLSA overtime claims.") (quoting *Hoffman*, 2009 WL 4825224, at *3); *Lang v. DirecTV, Inc.*, 735 F. Supp.2d 421, 435 (E.D. La. 2010) ("The Court finds that defendants' motion to dismiss is premature because plaintiffs have not moved for certification and had no opportunity to develop a record."); *see also Saucedo v. MSF Electric, Inc.*, No. H–17–1943, 2017 WL 5997770, at *3 (S.D. Tex. Dec. 4, 2017) (finding allegations that plaintiff "was a nonexempt employee, that he regularly worked more than forty hours per work week, and that he was not paid at the overtime rate for those hours" gave defendants fair notice of FLSA claims and were sufficient to survive a Rule 12(b)(6) motion to dismiss).

Under the second approach, courts require that FLSA collective action claims meet the pleading requirements in the Federal Rules of Civil Procedure and "give the defendant fair notice of the putative class" in order to survive a motion to dismiss. *Flores*, 55 F. Supp. 3d at 934 (quoting *Dyer v. Lara's Trucks, Inc.*, No. 1:12–CV–1785–TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013)).  This approach is followed by some courts in the Fifth Circuit and elsewhere. *Hutchinson*, 2015 WL 1655113, at *3.  These courts note that "[a] motion to dismiss collective action elements of an FLSA action and a motion for conditional certification are different for several reasons," *Dyer*, 2013 WL 609307, at *3, and reason that applying the

13

requirements of Rule 8 to FLSA collective actions "allows both the rule and the certification process to play their proper role in the management of collective actions." *Flores*, 55 F. Supp. 3d at 934.[24] These courts also require that a plaintiff's complaint "allege facts sufficient to demonstrate that [he] and potential plaintiffs were victims of a common policy or plan that violated the law." *Wischnewsky v. Coastal Gulf & Intern., Inc.*, No. 12-2277, 2013 WL 1867199, at *4 (E.D. La. May 2, 2013).[25]

---

[24] *See also Potter*, 381 F. Supp. 3d at 738 (finding that plaintiff did not provide defendant with "fair notice of a collective action under the FLSA" where complaint only alleged defendant "failed to pay [plaintiff] and others similarly situated for continuous workday activities which are integral and indispensable to their principal activities"); *Longoria v. KHM Rentals, LLC*, No. SA–13–CA–1143–FB, 2015 WL 12734176, at *2 (W.D. Tex. July 27, 2015) ("the allegations of the named plaintiffs are not sufficient. . . . The Court believes that named plaintiffs should each provide their job description so that the Court and defendants can determine if they are truly not exempt and if they will be similarly-situated to the other not yet named plaintiffs."); *Creech*, 2012 WL 4483384, at *3 (dismissing collective action because the complaint "fails to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated.'"); *St. Croix v. Genentech, Inc.*, No. 8:12–CV–891–T–33EAJ, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012) (dismissing collective action because it "merely seeks relief on behalf of numerous individuals who were similarly situated.") (internal quotations omitted); *Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10–CV–633–WKW[WO], 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) (dismissing collective action where "there [was] no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint.").

[25] *See also England v. Administrators of the Tulane Educational Fund*, No. 16-3184, 2016 WL 3902595, at *4 (E.D. La. July 19, 2016); *Creech*, 2012 WL 4483384, at *3 (a plaintiff must "allege sufficient facts to show that she and those 'similarly situated' were subject to the same pay provisions" in order to state a claim for a collective action under the FLSA).

The Court declines to decide which approach must be followed in all cases. Plaintiff, who allegedly was a Safety Technician for Sprint Safety until mid-2019, alleges that there is a practice by Defendants that "hours worked are reduced by automatic deductions for meal breaks and/or who were required to work prior to and/or past the end of their shifts without pay."[26] The Court concludes, based on Plaintiff's description of the proposed class in this case, the allegations in the Complaint read as a whole, and using common sense and the Court's experience, that Plaintiff has met his pleading burden in this FLSA case for the purposes of Rule 8 to show he is similarly situated to the members of a putative class of Safety Technicians who worked for Sprint Safety. Beyond this group, the description of the putative class and other allegations in Plaintiff's Complaint do not give Defendants fair notice of the collective action class Plaintiff seeks to represent.

Defendants complain that they do not know what job titles Plaintiff claims should be included in the proposed class. This is a valid criticism that the Court has addressed by construing the Complaint, when read as a whole, to limit the proposed class to Safety Technicians who worked for Sprint Safety.[27]

---

[26] *See* Complaint ¶ 56.

[27] This Court is aware of the ruling in *Tillman v. Louisiana Children's Medical Center*, in which the court dismissed a collective action claim brought on behalf of a class very similar to that proposed by Plaintiff here. No. 16-14291, 2017 WL 1399619, at *2 (E.D. La. Apr. 19, 2017). There, the plaintiff sued on behalf of a putative class including "any person who has worked at a hospital owned by Defendants since

If Plaintiff seeks to represent a putative class that includes Total Safety employees or employees with job titles different from Safety Technicians, Plaintiff must allege facts in an amended complaint to support this relief, including facts about how the other employees are "similarly situated" to Plaintiff.

### B. Sprint Safety's Motion to Dismiss

Sprint Safety has moved to dismiss Plaintiff's recordkeeping violation, arguing that no private right of action for recordkeeping violations exists under the FLSA. This motion will be granted. As previously discussed, Plaintiff concedes that no private right of action exists to enforce the FLSA's recordkeeping requirements.

## IV. CONCLUSION

There is no private cause of action against Sprint Safety or Total Safety for violation of the FLSA's recordkeeping provisions. Plaintiff has not pled facts sufficient to plausibly suggest that Total Safety is liable as successor to Sprint Safety. Plaintiff has pled, in a barebones manner, facts adequate to claim he is similarly situated to others in a putative class of Safety Technicians who worked for Sprint

---

2013 and whose hourly wage was reduced by a 30-minute meal break, even though they were not fully relieved of their duties during that time." *Id.* The court held that this description did not give defendants fair notice because it did not specifically identify any potential class members, describe the positions they held or work they performed, or identify how they were similarly situated to Plaintiff. *Id.* While this detail is preferable, it is not necessary in the present case.

Safety. Plaintiff's allegations are insufficient as they fail to give Defendants fair notice of any other proposed putative class.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's cause of action against Sprint Safety and Total Safety for violations of the FLSA's recordkeeping violations is **DISMISSED with prejudice**. It is further

**ORDERED** that Plaintiff's cause of action for unpaid overtime wages against Total Safety is **DISMISSED without prejudice**. It is further

**ORDERED** that Plaintiff's collective action claim against Total Safety and Sprint Safety is **DISMISSED without prejudice** to the extent Plaintiff's proposed class includes individuals other than Safety Technicians employed by Sprint Safety. This is not a ruling on the merits of a collective action in this case. It is further

**ORDERED** that the Court at the initial pretrial conference will set a deadline for Plaintiff to file an amended complaint. The deadline will follow the parties' exchange of initial disclosures and preliminary discovery.

SIGNED at Houston, Texas, this 30th day of **March, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

P:\ORDERS\11-2019\3934MDismiss.docx 200330.1209